**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JOSHUA CONLAN** | § | |
| | § | **A-14-CV-213 LY** |
| **V.** | § | **(A-11-CR-451(1) LY)** |
| | § | |
| **UNITED STATES OF AMERICA** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court is Joshua Conlan's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed on March 11, 2014 (Dkt. # 220). The undersigned magistrate judge submits this Report and Recommendation pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

**I. GENERAL BACKGROUND**

On July16, 2013, Joshua Conlan ("Conlan"), was indicted on three separate counts of stalking, in violation of 18 U.S.C. § 2261A.  After pleading not guilty, a jury found Conlan guilty on all three counts of stalking.  On November 22, 2013, the District Court sentenced Conlan to 60 months on Counts One and Two to be served concurrently, a term of 36 months on Count Three to be served consecutively, for a total term of 96 months imprisonment, followed by a three-year term of supervised release, a special assessment of $300, a $1,741.56 Order of Restitution, and an Order of Forfeiture.  *See* Judgment and Commitment (Dkt. # 189).  On December 13, 2013, Conlan filed a Notice of Appeal, which is currently pending before the United States Court of Appeals for the Fifth Circuit. *See United States v. Conlan,* No. 13-50842.

Conlan has now filed the instant Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that he was denied the effective assistance of counsel and that his Superseding Indictment was defective.

## II. ANALYSIS

Conlan has filed this § 2255 Motion to Vacate his sentence while his direct appeal is still active. As the Fifth Circuit has explained, a defendant may not maintain a collateral attack on his conviction while his direct appeal remains pending. "[A] a criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal." *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1988); see also *United States v. Bernegger*, 661 F.3d 232, 241 (5th Cir. 2011) ("A defendant cannot collaterally attack his conviction until it has been affirmed on direct appeal."). Where, as here, a defendant seeks section 2255 relief while a direct appeal is pending, the district court should decline to address the motion and dismiss the action without prejudice. *See, e.g., Bernegger*, 661 F.3d at 241 ("The district court correctly determined that Bernegger's habeas corpus petition was not ripe for review."); *Canales v. United States*, 2007 WL 646189, at *1 (N.D. Tex. Feb.28, 2007) ("[T]his case is dismissed without prejudice for lack of jurisdiction because this court has no jurisdiction to consider this petition while he has a direct appeal of his criminal conviction pending."). Accordingly, Conlan's § 2255 Motion should be dismissed without prejudice to his right to refile, should he choose to do so, once his direct appeal has been finally adjudicated.

## III. RECOMMENDATION

The Magistrate Court **RECOMMENDS** that the District Court **DISMISS WITHOUT PREJUDICE** Joshua Conlan's Motion to Vacate, Set Aside, or Correct Illegal Sentence under 28 U.S.C. § 2255 (Dkt. # 220).

## IV.  WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

## V.  CERTIFICATE OF APPEAL

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability ("COA") may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not find it debatable whether the court was correct in its procedural ruling that Conlan's § 2255 motion should be dismissed without prejudice because his direct appeal is pending. Accordingly, it is recommended that a certificate of appealability not be issued.

SIGNED this 24th day of March, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE