**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JOSHUA CONLAN** | § | |
| | § | **A-15-CV-603 LY** |
| **V.** | § | **(A-11-CR-451(1) LY)** |
| | § | |
| **UNITED STATES OF AMERICA** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are the following motions and the related responses and replies:

- Joshua Conlan's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. No. 250);

- Conlan's Amended Motion to Vacate under 28 U.S.C. § 2255 (Dkt. No. 264);

- Motion for Partial Summary Judgment and Motion for Evidentiary Hearing (Dkt. No. 258);

- Motion for Release on Bail Pending 2255 Adjudication (Dkt. No. 259);

- Motions for Leave to Add New Grounds to his 2255 Motion (Dkt. No. 267 & 272);

- Motion for Immediate and Unconditional Release (Dkt. No. 270); and

- Motion for Request for Extension on the Reply (Dkt. No. 271).

The undersigned magistrate judge submits this Report and Recommendation pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

# I. GENERAL BACKGROUND

On July 16, 2013, Joshua Conlan was indicted pursuant to a Superceding Indictment, on three separate counts of stalking a television news reporter and her husband, in violation of 18 U.S.C. § 2261A. A jury found Conlan guilty on all three counts. On November 22, 2013, District Judge Lee Yeakel sentenced Conlan to 60 months on Counts One and Two and 36 months on Count Three, to be served consecutively, for a total term of 96 months imprisonment, followed by a three-year term of supervised release, a special assessment of $300, a $1,741.56 Order of Restitution, and an Order of Forfeiture. *See* Judgment and Commitment (Dkt. No. 189). Conlan filed a direct appeal of his conviction and sentence, and on May 14, 2015, the United States Court of Appeals for the Fifth Circuit affirmed the conviction and sentence. *See United States v. Conlan,* 786 F.3d 380 (5th Cir. 2015).

Before the circuit court decided his appeal, Conlan filed his first Motion to Vacate pursuant to 28 U.S.C. § 2255. Because the direct appeal was still pending before the Fifth Circuit, the undersigned recommended that the Court dismiss the motion without prejudice. Dkt. No. 223. On April 14, 2014, the Court adopted the Report and Recommendation and dismissed the case without prejudice. Dkt. No. 228. After the Fifth Circuit affirmed the conviction and sentence, on July 20, 2015, Conlan filed a "Rule 60(b)(6) Motion for Relief from Judgment." Judge Yeakel construed it as a motion by Conlan to refile his motion to vacate, granted that motion and referred the § 2255 Motion to the undersigned. Dkt. No. 250. On October 7, 2015, the Court construed Conlan's "Motion Amending 28 U.S.C. § 2255 to Add Grounds for Relief" as a motion by Conlan to amend his § 2255 Motion, and granted Conlan leave to amend his § 2255 Motion to raise additional ineffective assistance of counsel claims.

In his Motion to Vacate, Conlan raised one argument:  his "Arrest, Detainment and Indictment were all obtained through a defective Complaint in violation of the Fourth, Fifth and Fourteenth Amendments to Constitution." Dkt. No. 250 at 5.  In his Amended Motion to Vacate, Conlan added three claims of ineffective assistance of counsel, contending his attorney failed: (1) to properly argue and litigate a suppression issue; (2) to sufficiently raise the Speedy Trial Issue; and (3) to impeach a witness.

## II.  STANDARD OF REVIEW

There are only four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255;  *See United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).  Thus, section 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice."  *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981). Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.  *United States v. Vaughn*, 955 F.2d 367 (5th Cir. 1992).  A district court's technical application of the Guidelines does not give rise to a constitutional issue.  *Id.* Violations of Rule 11 that could have been raised on direct appeal may not be presented in a collateral attack upon the defendant's sentence. *United States v. Timmreck*, 441 U.S. 780, 784 (1979).  Likewise, claims that a trial court violated Rule 32 in the course of imposing a sentence may

not be brought pursuant to section 2255 when such claims could have been raised on direct appeal. *United States v. Weintraub*, 871 F.2d 1257, 1266 (5th Cir. 1989).

A defendant who has been convicted and has exhausted or waived his right to appeal is presumed to have been fairly and finally convicted. *Placente*, 81 F.3d at 558. A "collateral challenge may not do service for an appeal." *United States v. Friday*, 456 U.S. 152, 165 (1982). Therefore, a defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both cause for his procedural default and actual prejudice due to any such errors. *Placente*, 81 F.3d at 558. However, an "ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 123 S.Ct. 1690, 1694 (2003). *See also*, *United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000); *United States v. Patten*, 40 F.3d 774, 776 (5th Cir. 1994), *cert. denied*, 515 U.S. 1132 (1995).

### III. ANALYSIS

A.      **Complaint**

Conlan first argues that he is entitled to be released from custody pursuant to § 2255 because the Complaint in his case was defective. Specifically, Conlan alleges that the Complaint was defective because (1) the complainant did not have personal knowledge of the events described in the Complaint; (2) the Complaint was not signed by a federal officer; and (3) the Complaint was forged. Conlan's attack on his Complaint is without merit because the Indictment and Superceding Indictment (Dkt. Nos. 13 & 119) following Conlan's arrest "remedied any defect in the complaint and arrest warrant." *Denton v. United States,* 465 F.2d 1394, 1395 (5th Cir. 1972) (holding that petitioner's challenge to complaint was foreclosed since any defect was cured by grand jury

4

indictment).  *See also, Cusamano v. Donelli*, 2010 WL 2653653, at * 3 (S.D.N.Y. July 1, 2010)

("The indictment by the grand jury rendered any deficiency in the criminal complaint moot.").  As

that court explained,

> [A] scrivener's error in a criminal complaint does not give rise to a constitutional
> violation. Assuming, arguendo, that the felony complaint was defective, Petitioner
> was prosecuted pursuant to a legally sound grand jury indictment. The grand jury
> indictment, based upon a finding of probable cause to believe that Petitioner
> committed the charged offenses, supercedes any defect in the criminal complaint.
> Moreover, Petitioner's conviction by a jury transforms any defect in either the
> complaint or indictment into harmless error, because the conviction established proof
> beyond a reasonable doubt of Petitioner's guilt.

*Id.* at *8 (internal citations omitted).

Any claim that his attorney was ineffective for failing to make the above argument would

also fail since it is a meritless argument. *See Womack v. United States*, 2012 WL 3206458, at * 3

(S.D. Ala. June 6, 2012) (rejecting petitioner's argument that he was prejudiced by his counsel's

failure to challenge the complaint since complaint was rendered moot by the filing of the

indictment.").  "Counsel cannot be deficient for failing to press a frivolous point." *Sones v. Hargett,*

61 F.3d 410, 415 n. 5 (5th Cir. 1995).

**B.**     **Ineffective Assistance of Counsel Claims**

Conlan argues next that he was denied the effective assistance of counsel because his attorney

failed: (1) to argue that the police used improper inventory procedures; (2) to sufficiently raise the

Speedy Trial issue; and (3) to impeach two witnesses.

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that his

counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v.*

*Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it falls below an

objective standard of reasonableness. *Id.*  A court's review of counsel's performance must be highly

deferential, with a strong presumption that the performance was reasonable. *Id.* at 689; *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998). A court will not find ineffective assistance of counsel merely because it disagrees with counsel's trial strategy. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999). Moreover, "[a] fair assessment of attorney performance requires every effort to be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689.

To demonstrate the prejudice prong, a petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane*, 178 F.3d at 312. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "However, the mere possibility of a different outcome is not sufficient to prevail on the prejudice prong. Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Crane*, 178 F.3d at 312-313 (quoting *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997)).

## 1.    Suppression of Evidence

Conlan argues that his attorney should have challenged the inventory procedures used by the police to argue that evidence seized from his car should have been suppressed. Specifically, Conlan relies on a footnote in the Fifth Circuit's opinion affirming his conviction noting that "Conlan has not challenged the inventory procedures used by the police." Dkt. No. 242, at 11 n.19. Conlan construes this footnote to mean that his trial and appellate counsel should have raised this issue at trial and on appeal.

Conlan fails to mention that his trial counsel did in fact raise the inventory issue with the District Court. In Conlan's Motion to Suppress, Defense counsel specifically argued that the police conducted an improper inventory search of Conlan's vehicle in violation of the Fourth Amendment

and, that any evidence seized from the vehicle should be suppressed.  Dkt. No. 123 at 12-13.  The District Court disagreed and denied Conlan's Motion to Suppress.  Dkt. No. 141.  As stated on the record, the District Court found that the police officers in this case complied with their relevant department procedures for performing an inventory search and in impounding the vehicle.  Dkt. No. 208 at 39-40.

Although the Fifth Circuit noted that Conlan had not specifically challenged the inventory procedures used by the police, the Fifth Circuit nevertheless found that the inventory search was proper and affirmed the District Court's denial of the Motion to Suppress.  The Court reasoned that "[b]ecause a warrantless search of a car in a motel parking lot does not require exigent circumstances, and there was probable cause that the vehicle was evidence and an instrumentality of a crime, the court properly denied suppression."  *United States v. Conlan*, 786 F.3d 380, 389 (5th Cir. 2015).  The Circuit further noted that a prior circuit decision held that:

> [T]he police may seize a car from a public place without a warrant when they have probable cause to believe that the car itself is an instrument or evidence of crime. [P]olice may make a warrantless inventory search of a legitimately seized car, as long as the inventory search is conducted according to established procedures of the searching police department.

*Id.* at 388-89 (quoting *United States v. Cooper*, 949 F.2d 737, 747 (5th Cir. 1991)). The Fifth Circuit also found that "the existence of probable cause to seize the vehicle as evidence and an instrumentality of the offense of interstate stalking and subject it to an inventory search made the lawful discovery of the weapons inevitable." *Id.* at 389 n.21.  The Court noted that "[a]ny error would have been harmless because the jury would have found Conlan guilty beyond a reasonable doubt even if the evidence had been suppressed. *Id.* at 389 n.23.  Based upon these findings, the Fifth Circuit would not have concluded that the inventory was improper in this case.  Accordingly,

Conlan's appellate counsel could not have been ineffective for failing to raise the inventory argument on appeal, as "[c]ounsel cannot be deficient for failing to press a frivolous point." *Sones*, 61 F.3d at 415 n. 5.

Conlan also raises (yet again) his claim that the search of his hotel room and vehicle were illegal. Conlan's trial counsel raised these arguments in a motion to suppress which was denied by the District Court. Dkt. No. 123 at 4-12. Conlan's appellate counsel also raised these arguments on appeal, and the Fifth Circuit addressed the claims in depth and found that "it was permissible for the officers to accompany Conlan to his room and seize evidence in plain view." Dkt. No. 242 at 9. A claim that was raised and litigated on appeal cannot be relitigated in a § 2255 proceeding. *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir.), *cert. denied*, 476 U.S. 1118 (1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions."). *See also United States v. Rocha*, 109 F.3d 225, 229 (5th Cir.1997).

### 2.    Speedy Trial Claim

Conlan next argues that his counsel was ineffective for failing to adequately argue on appeal that his constitutional right to a speedy trial was violated. On appeal, Conlan's counsel focused his arguments on violations of the Speedy Trial Act ("STA"), as opposed to constitutional violations. Accordingly, the Fifth Circuit only addressed Conlan's claim under the STA, concluding that there was no STA violation, and found that Conlan had waived any argument that his constitutional right to a speedy trial had been violated. Dkt. 242 n.45. Conlan argues that his counsel was ineffective for failing to raise the constitutional speedy trial issue on appeal. The Court disagrees. As noted, the Fifth Circuit addressed Conlan's statutory speedy trial claims and concluded that there was no

violation.  This is noteworthy because the statutory standards for speedy trial are "more stringent than those imposed by the constitution." *United States v. Novelli*, 544 F.2d 800, 803 (5th Cir. 1977).

Further, Conlan's  constitutional speedy trial claim is without merit.  The Sixth Amendment to the Constitution guarantees a criminal defendant the right to a speedy trial. *See Barker v. Wingo*, 407 U.S. 514, 515 (1972).  In determining whether this right has been violated in any given case, courts engage in "a balancing test[ ] in which the conduct of both the prosecution and the defendant are weighed." *Id.* at 530.  Although there is no exhaustive list of factors to consider, and no single factor is alone dispositive, courts generally consider (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his or her right; and (4) the extent to which the challenged delay prejudiced the defendant. *Id.* at 530–33.  Considering all of these factors, Conlan has failed to show a constitutional speedy trial violation.

Conlan was originally indicted on August 16, 2011, and his trial commenced on August 19, 2013.  The Fifth Circuit has held that "delays of less than five years cannot alone support a presumption of prejudice." *United States v. Reagan*, 725 F.3d 471, 487 (5th Cir. 2013) (citing *United States v. Parker*, 505 F.3d 323, 328-29 (5th Cir. 2007)).  Moreover, the reason for the delay was attributable to excusable delays due to a determination of Conlan's mental competency, as well as numerous motions and interlocutory appeals filed by Conlan himself. *See Cowart v. Hargett*, 16 F.3d 642, 647 (5th Cir. 1994) ("Where the state advances valid reasons for the delay, or the delay is attributable to acts of the defendant, this factor is weighed in favor of the state.").  Conlan has also failed to carry his burden to demonstrate that he was prejudiced by any delay in bringing him to trial. Because Conlan has failed to demonstrate that he was denied his constitutional right to a speedy trial, his claim that his attorney was defective in not raising such a claim on appeal fails.

### 3.      Failure to Impeach Witnesses

Conlan next argues that his attorney was ineffective for failing to impeach the victim and her husband when they testified at trial.   Whether or not to cross-examine a particular witness is a question of trial strategy which enjoys a strong presumption of effectiveness.   *Pape v. Thaler*, 645 F.3d 281 (5th Cir. 2011), *cert. denied*, 132 S.Ct. 1100 (2012).   "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness."   *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983).

Conlan contends that the victim perjured herself when she testified that she had not spoken to Conlan in ten years and was happily married.   Conlan argues that his attorney "failed to impeach this witness with a sworn affidavit that stated that the alleged victim and Defendant were 'dating.'" Dkt. No. 262 at 5.   Conlan's claim is completely meritless.   At the trial, the victim unequivocally testified that she had dated Conlan briefly when she was in high school.   Dkt. No. 209 at 160-63. Conlan offers no proof to the contrary.   Thus, Conlan has failed to demonstrate the victim committed perjury, or that his attorney was ineffective in not impeaching her on this point.

Conlan also argues that his attorney should have impeached the victim's husband because he testified that "he was a musician as opposed to a computer guy and that counsel was aware of this." Dkt. No. 262 at 5.   Conlan fails to explain how this issue had any bearing on his trial and how the failure to impeach on this issue—assuming Conlan is correct—could have prejudiced him.   This claim is without merit.

**C.      Various Motions**

Conlan has filed a plethora of motions related to the § 2255 petition.  First, he requests that the Court hold an evidentiary hearing on the petition.  Dkt. No. 258.  A district court may deny a § 2255 motion without conducting a hearing "if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief."  *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).  Because the pleadings, files and records conclusively show that Conlan is not entitled to any relief, his motion for an evidentiary hearing (Dkt. No. 258) is **DENIED**.

Conlan has also filed two motions seeking release on bail pending the resolution of his § 2255 Motion.  Dkt. Nos. 259, 270.  A petitioner seeking to be released on bail pending habeas review must demonstrate that he "has raised substantial constitutional claims upon which he has a high probability of success," and that "extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective."  *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974).  Conlan has not made the required showing and thus these motions (Dkt. Nos. 259 & 270) are **DENIED**.

Conlan also filed three motions requesting leave to add additional grounds to his § 2255 Motion (Dkt. Nos. 264, 267 & 272).  The Court has already granted Conlan permission once to amend his § 2255 Motion.  Dkt. No. 263.  Conlan's motions fail to demonstrate that he has any new meritorious claims that the Court should consider.  Accordingly, the three motions to add claims to the § 2255 motion (Dkt. Nos. 264, 267 & 272) are **DENIED**.

Lastly, Conlan filed a Motion for a Request for Extension on the Reply (Dkt. No. 271), requesting an extension of time to file a Reply brief to Government's Response because he is not sure if his Reply brief has been received by the Court.  The Court received and considered Conlan's

11

Reply brief (Dkt. No. 269), and accordingly, his Motion for a Request for Extension on the Reply (Dkt. No. 271) is **DENIED**.

## IV.  RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Judge **DENY** Joshua Conlan's Motion and Amended Motion to Vacate, Set Aside, or Correct Illegal Sentence under 28 U.S.C. § 2255 (Dkt. Nos. 250 & 264). The Court **FURTHER RECOMMENDS** that the District Judge **DENY** Joshua Conlan's Motion for Partial Summary Judgment (Dkt. No. 258) and any other relief requested.

## V.  WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

## VI.  CERTIFICATE OF APPEAL

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability ("COA") may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

In this case, reasonable jurists would not find it debatable that Conlan is not entitled to any relief pursuant to 28 U.S.C. § 2255.  Accordingly, it is recommended that a certificate of appealability not be issued.

13

SIGNED this 7th day of December, 2015.


ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE